IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ROBIN A. PATTEN, )
)
Plaintiff, )
)
v. ) Case No. CIV-09-106-KEW
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

## OPINION AND ORDER

Plaintiff Robin A. Patten (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on October 15, 1964 and was 44 years old at the time of the ALJ's decision. She completed her education through the tenth grade and obtained a GED. Claimant also completed approximately two years of computer training at a business college. Claimant has engaged in past relevant work as a

3

cashier, mail carrier, and waitress. Claimant alleges an inability to work beginning February 17, 2006 due to migraine headaches, sinus problems, dizziness, vertigo, hearing problems, vision problems, depression, PTSD, panic attacks, attention and concentration problems, memory problems, stress, Crohn's disease and irritable bowel syndrome, proctalgia fugax, fibromyalgia, swelling and numbness in the feet and ankles, carpal tunnel syndrome and tendonitis in the wrists, insomnia, and fatigue.

**Procedural History**

On June 22, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications for benefits were denied initially and upon reconsideration. On August 27, 2008, Claimant appeared at a hearing before ALJ Deborah L. Rose in Tulsa, Oklahoma. By decision dated December 11, 2008, the ALJ found Claimant was not disabled at any time through the date of the decision. On February 5, 2009, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation. She found Claimant retained the residual functional capacity ("RFC") to perform her past relevant work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error requiring reversal in (1) ignoring vital probative evidence related to Claimant's severe headaches; and (2) failing to properly evaluate Claimant's RFC.

## Probative Evidence Concerning Claimant's Headaches

Claimant contends the ALJ failed to properly consider all of the evidence in the record with regard to her headaches. In her decision, the ALJ found Claimant's headaches constituted a severe impairment. (Tr. 16). She noted Claimant was seen at Wagoner Community for her headaches and that they were associated with her chronic sinusitis and nasal obstruction symptoms. The ALJ recognized Claimant underwent a multifaceted sinus operation on February 7, 2007. (Tr. 19).

Claimant asserts the ALJ failed to consider evidence that she sought treatment for migraine headaches with nausea and vomiting on November 18, 2005. (Tr. 341-44). Claimant reported headaches during a doctor's appointment on January 9, 2006. (Tr. 570). Claimant stated she continued to have problems with headaches to

5

her physical therapist during visits on February 10 and 13, 2006. (Tr. 300). On March 16, 2006, Claimant informed her physical therapist that she had a migraine headache, rating the pain at a 9 out of 10. (Tr. 304). On April 12, 2006, Claimant reported suffering from a migraine headache with pain 5 out of 10. On April 18, 2006, Claimant sought emergency room care for a headache. She was diagnosed with a migraine headache and treated with medication. The physician restricted Claimant to bed rest in a quiet, dark room. (Tr. 329-32).

On August 2 and 16, 2006, Claimant was attended by Dr. Casey Hanna. She complained of migraine headaches and that they were occurring more frequently. Claimant was referred to a specialist. (Tr. 559-60). Claimant was seen by Dr. Dwayne H. Atwell, an otolaryngologist. Dr. Atwell determined Claimant was suffering from frontal-sinus related headaches as well as migraine headaches. (Tr. 474). Claimant returned to Dr. Hanna in September of 2006, again complaining of migraine headaches. (Tr. 558). On October 26, 2006, Claimant was diagnosed by Dr. Atwell with muscle tension headaches and migraine headaches. (Tr. 471).

On January 27, 2007, Claimant informed Dr. Atwell that migraine headaches were causing gastrointestinal problems. She also complained of increased sinusitis for the last five years with

6

accompanying headaches. Claimant's headache problems continued in a January 29, 2007 visit to Dr. Atwell. (Tr. 465).

In February of 2007, Claimant underwent sinus surgery. Claimant's headaches continued in March of 2007 (Tr. 438, 458, 460, 553). On April 2, 2007, Claimant again saw Dr. Atwell complaining of migraine headaches. Dr. Atwell treated Claimant with medications. (Tr. 455). On May 22, 2007, Claimant saw Dr. Jorge Perez-Crue, who noted Claimant's complaints of severe headaches. (Tr. 475). In July of 2007, Claimant sought treatment for daily headaches. (Tr. 504-05). In August of 2007, Claimant sought treatment from Dr. Jeff Chasteen for migraine headaches, which he treated with medication. (Tr. 527).

Additionally, a Physical Medical Source Statement was completed by Dr. S. Krishnamurthi on September 18, 2007. He specifically states on the form that Claimant would need breaks during work when she gets a migraine headache. (Tr. 495).

Claimant continued seeking treatment for her migraine headaches in November of 2007 as well as January and March of 2008. (Tr. 502, 512-13, 516). Claimant cancelled an appointment with her counselor on March 27, 2008 due to a migraine headache. (Tr. 537).

An ALJ is required to consider all relevant evidence in the record. Soc. Sec. R. 06-03p. She is not, however, required to

discuss every piece of evidence in the record. But it is clear that, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996)(citations omitted).

In this case, the ALJ discussed Claimant's headaches only in the context of her sinusitis. Indeed, the manner of the discussion suggests the ALJ believed the condition was resolved when Claimant underwent a multi-faceted sinus operation. (Tr. 19). The evidence indicates to the contrary. Claimant's headache condition appears so pervasively throughout the medical record that it was error for the ALJ to fail to impose additional limitations in her RFC evaluation attributable to her constant and ongoing headaches. Soc. Sec. R. 96-8p. On remand, the ALJ shall consider such additional limitations at both step four and step five of the sequential evaluation.

### RFC Analysis

Claimant also challenges the ALJ's RFC evaluation, contending additional restrictions should have been imposed as a result of her headaches. As this Court has already determined the ALJ inadequately considered this condition, the ALJ shall reconsider

8

her RFC assessment on remand as well.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 27th day of September, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE